Eevttjs, J.
The defendant in Certiorari having been held to bail in suits brought against him by the plaintiffs, was surrendered in discharge of his bail, in September term, 1838, and afterwards discharged by the sheriff on entering into bond, under the “ act to abolish imprisonment for debt in certain cases.”
At the ensuing December term, he filed his petition for the benefit of the insolvent laws, and the court appointed the 30th day of January, 1839, for the hearing of liis case, at the court house, in the city of New Brunswick ; at which time and place he appeared, and applied to the court to postpone the hearing on the ground (verified by his own affidavit and that of his counsel,) that the latter had delayed advising him of the-day of hearing, as he had previously engaged to do, until it was too late to notify his creditors, and also on the ground of his own sickness, by means of which he had been prevented from attending to the business of his application. Upon the argument of this motion to postpone, the court then consisting of six judges, were equally divided in opinion. His counsel immediately applied for a rehearing or further argument on the motion, but before any decision was had on the application, the court adjourned. When met in the afternoon of the same day, five of the judges being present, a further argument was ordered, and upon that argument the court, (consisting of the said five judges and a sixth who was not present at the former argument but had afterwards taken his seat,) ordered the hearing of the case postponed till the next term. At the next term, on the application of the defendant, the court appointed the second day of May, for the hearing of his case. On that day the court proceeded to hear and determine tile case, notwithstanding objections were urged by the plaintiffs, to the regularity of the previous proceedings, and being satisfied that the defendant had in all things complied with the requirements of the act, ordered him to be discharged as an insolvent debtor.
*84 Such is in substance the case agreed upon by the parties. To set aside this discharge, the plaintiffs, who are creditors, have brought the present Certiorari, and in support of it insists that the petition of the defendant is defective and insufficient to give the court below jurisdiction. That it does not set forth the true cause of arrest nor that the defendant delivered to the officer making the arrest, an inventory of his property or gave bond as required by law, nor that he was a resident of this state for three months immediately preceding his arrest.
The statute under which this application was made, provides that “ any person arrested in a civil action, shall be discharged on giving bond &o. and delivering to the officer who makes the arrest, an inventory of his property &c. and having given such bond and inventory, it permits him to make application for his discharge under the insolvent laws, at the next'or any subsequent court after such arrest, in the same manner as if he were actually confined in gaol.” And the statute of 1795, (to which reference is to be bad in the construction of the former,) gives leave to any person in actual confinement for debt, to present a petition to the court of Common Pleas, setting forth the cause of his imprisonment &e. The foi'm of the petition is not prescribed. All that was required to show that the court had jurisdiction, was, that the petition should set forth that he was in actual confinement, and the cause of his confinement, to wit, for debt, or by a subsequent act, for damages. The act of 1830, under which the present application was made, requires no alteration in the petition, it does not direct what it shall contain. If the applicant sets forth his arrest, the cause of his arrest, and that he gave bond to apply for the benefit of the insolvent laws, it is a substantial compliance with the law, for the'act declares, that “ being arrested and having given such bond,” he may make application &c. This has been done' i.n the petition before us. The applicant states that he was arrested by virtue of a capias ad respondendum at the suit of the plaintiffs, and being arrested he entered into bonds to apply &c. It is true, that to entitle him to be discharged from the arrest, and afterwards to make application to the court and be heard, he must, with his bond deliver to the officer, an inventory of his property under oath, but it is not necessary that it *85 should so appear on the face of his petition. If it is proved upon the hearing, it is sufficient. In the case cited from 3 Green’s R. 481, Justice Ryerson in delivering the opinion of the court, says, “ that it should appear on the face of the petition, that an inventory was delivered, and whatever else is necessary to give the court jurisdiction; ” but it will be found by an examination of that case, that the question whether it should so appear on the petition, was not distinctly presented, or argued, or indeed involved in the ease; for it appeared affirmatively by evidence that no inventory was delivered to the officer. And I apprehend, if the attention of the court had been directed to the second section of the act of 1830, they would not have supposed that such allegation in the petition was necessary to give the court jurisdiction. Where a defendant is discharged from arrest, by the officer making it, the presumption of law is, that he was legally discharged by a strict compliance with the law. In this case however, we need not resort to such presumption, for the inventory and bond were actually returned by the sheriff, and were before the court when the order of discharge was made. In case of an appeal from the judgment of a justice on the verdict of a jury, an affidavit that the appeal is not intended for delay, is necessary to give the appellate court jurisdiction : yet this court have decided, 2 Green, 117, that it need not appear on the transcript that such affidavit was made, if it be actually sent up with the papers in the cause: and the reasoning of the court in that case, I deem applicable to the present.
But it is further objected, that it does not appear on the petition that the defendant resided in this state three months before his arrest; it is not necessary that it should so appear. His discharge from arrest, raises the legal presumption that he was such resident, as does also the fact of arrest within the state, and he who controverts such legal presumption, must overcome it by proof of a residence out of the state. But even if the burden of proof rested on the debtor, the law presumes, and the state of the case affirms, that such proof was made at the time he was discharged. The objections to the petition therefore, are net sustained.
The next reason assigned for reversal is, that the defendant did not notify his creditors, of the hearing on the 30th of Janua *86 ry, 1839. The validity of this objection, must depend on the third reason assigned, viz: that the court unlawfully postponed the hearing on that day; for if the court of Common Pleas had power to postpone the hearing, it had the right to judge of the sufficiency of the reasons offered for its exercise. It is insisted by the plaintiffs, Eirst, that the court had no such power, and Second, if it had, it exercised that power in an irregular and unlawful manner. The authority to postpone the hearing of a cause is incident to every judicial tribunal that has authority to hear and determine it, unless restricted or denied by the express language of a statute. In cases like the present, the court of Common pleas act in a judicial capacity and not as mere commissioners of insolvency, and may for good cause and upon reasonable grounds shown, and without prejudice to the parties, postpone the hearing. By reference to the act under which the proceedings in this case were had, it would seem too, that the legislature designed to confer such power, for it is clearly granted by implication. One condition of the bond is, that the debtor shall appear at the next and every subsequent term until discharged or refused a discharge. Without such power, the grossest injustice may occur in many cases. When a debtor having given bond in a large sum, and from his own sickness, the sickness or death of his witnesses, or other unforeseen and accidental causes, is unable to prove on the day of hearing, the service of notice upon his creditors; if the court under such circumstances had no power to postpone, his bond must become forfeited, and the intention of the legislature defeated. The great object designed by the legislature, is to secure to the debtor and his creditors, a fair hearing upon the merits of the case, and to enable the court to determine whether the former has acted fairly, or concealed any part of his property, or made fraudulent conveyances : for these are the general grounds upon which the eourt have.power to refuse his discharge, upon the hearing; and over that hearing, the court have control, and may and should so exercise it in their discretion, as to give to the act its full force and operation, and secure to the parties, the rights which the legislature intended.
The next inquiry is, whether the court of Common Pleas erred in the manner in which this postponement was granted. On the *87 motion to postpone the hearing, the judges who then constituted the court, were equally divided in opinion, and the debtor had under those circumstances a right to ask, and the court a right to grant a re-hearing or further argument on the motion. This was applied for as soon as it was known that the court made no decision ; and allowed by a majority of five judges, the. sixth having left the bench. Upon this further argument before a tribunal havingjurisdietion, the hearing of the debtor’s case was postponed till the next term, and the fact of one of the judges having in the mean time left the court and another taken his seat, cannot alter the right of the parties.
Whether the reasons assigned for the postponement were sufficient to warrant it, was a matter necessarily left to the discretion of the court before whom the application was made, and I cannot say they erred in the exercise of their discretion.
The hearing was postponed till the next regular term of the court; and again at that time, to a special term fixed by the court lor that purpose; when the defendant having satisfied the court that he had in all things complied with the law, and notified his creditors, of his application and the time and place of hearing, was duly discharged as an insolvent debtor. From the whole case it appears that the defendant honestly intended to fulfil the condition of his bond, and did so.
Let the judgment be affirmed.
The whole court concurred.

Judgment affirmed.

Cited in Le Chevalier v. Hamilton, 3 Harr. 261; Van Wagoner v. Coe, 1 Dutch. 200.